UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| JANE RAMOS<br>FELIX VARELA<br>Plaintiffs,<br><br>v.<br><br>AMERICAN RECOVERY SERVICE, INC.,<br>JMAC RECOVERY<br>Defendants. | Civil Action No. |

## COMPLAINT AND REQUEST FOR JURY TRIAL

### Introduction

Plaintiffs Jane Ramos and Felix Varela seek compensation for actual and statutory damages for the unlawful repossession of a personal motor vehicle.

### Parties

1. Plaintiffs Jane Ramos and Felix Varela are a cohabitating couple and join purchasers of a consumer motor vehicle who at all relevant times lived in Essex County, Massachusetts.

2. Defendant American Recovery Service, Inc., is a corporation organized under the laws of California with its principal place of business in Thousand Oaks, California. (hereafter referred to as "ARSI"). The primary purpose of ARSI is the collection of debts, and is licensed as a debt collector with the Massachusetts Division of Banks.

3. On information and belief Defendant JMAC Recovery is repossession agency based in Framingham, Massachusetts.

**Jurisdiction and Venue**

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

5. This Court has supplemental jurisdictions over all state law claims, as they are based upon the same facts as the federal claims. See 28 U.S.C. § 1367(a).

6. American Recovery Service, Inc. has consented to the jurisdiction of this Court by appointing an agent of service in Massachusetts in compliance with a corporate registration statute. *Holloway v. Wright & Morrissey, Inc.*, 739 F.2d 695, 697 (1st Cir. 1984).

7. Personal jurisdiction exists against JMAC Recovery because maintains its regular place of business in Fitchburg, Massachusetts. M.G.L. c. 223A, § 2.

8. This Court is the proper venue because a substantial number of the acts and omissions occurred in Massachusetts and the harms were suffered by the Plaintiffs who is a Massachusetts resident.  28 U.S.C. § 1391(b)(2).

**Statement of Facts**

9. In 2013, Plaintiffs Jane Ramos and Felix Varela purchased a 2012 Hyundai Genesis VIN KMHGC4DF9CU202646 ("vehicle") for personal and family use. The purchase was partially financed with a lien held by Hyundai Financial Services ("HFS").

10. Plaintiffs were in default on their payments to HFS on or before October 1, 2018

11. On information and belief, HFS directly or indirectly hired or otherwise directed Defendant American Recovery Service, Inc., ("ARSI") to repossess the vehicle.

12. ARSI then hired, subcontracted or otherwise directed Co-Defendant JMAC Recovery ("JMAC") to seize the vehicle on its behalf.

13.     Around October 5, 2018, Ramos was in discussions with HFS to resolve the delinquency wherein HFS informed her that she had a few days to become current on the loan.

14.     On the evening of October 7, 2018, the above described vehicle was parked in the private parking area of Ms. Ramos' residence 1328 Mammoth Road, Apt. 1, Dracut, MA 01826.

15.     Around 11:45 pm on October 7, 2018, Ms. Ramos saw a tow truck from JMAC Recovery in their driveway. Ramos questioned the tow driver who said that he had received repossession order four days ago from American Recovery Services. The tow driver ignored Ramos' objections to the repossession and attempts to explain her arrangement with Hyundai Financial. The tow driver demanded the key to the vehicle, but Ramos refused.

16.     On November 19, 2018, Ramos sent ARSI and JMAC via certified mail, return receipt requested, a demand for compensation for unlawful repossession. Exhibit A. The letter was received by ARSI on or about November 26, 2018 (Exhibit B), and JMAC on November 28, 2018. Exhibit C.

17.     To date, Ramos has received no written response to either demand letter

## COUNT I
## Unlawful Repossession (M.G.L. c. 255, § 13J)

18.     The Plaintiffs repeats and re-alleges the preceding paragraphs of this Complaint and incorporates the same herein.

19.     Massachusetts Law only permits a repossession of a motor vehicle in by reason of default of a consumer credit transaction without a prior hearing if such repossession may be effectuated without force, without breach of the peace, and without entry onto property owned by or rented to the debtor "unless the debtor consents to an entry, at the time of such entry". M.G.L. c. 255, § 13J(a).

20. JMAC, at the direction of ARSI, entered the private parking area rented to Ramos when it repossessed the vehicle.

21. Plaintiffs did not consent to entry onto her property at the time of repossession, and in fact specifically objected to the repossession.

22. Thus, the vehicle was unlawfully repossessed thereby denying her the right to a hearing as well as the use and enjoyment of the vehicle.

**COUNT II**
**Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.**

23. The Plaintiffs repeats and re-alleges the preceding paragraphs of this Complaint and incorporates the same herein.

24. This count is against both Defendants.

25. ARSI is a debt collector who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

26. JMAC uses the instrumentalities of interstate commerce or the mails, is a debt collector for the principal purpose of enforcing security interests. *Id.*

27. ARSI and JMAC committed unfair and unconscionable debt collection practices by engaging in a non-judicial seizure of the vehicle without a then existing enforceable security interest, specifically that such seizure involved entry on land owned or rented by the Plaintiffs without her consent at the time of such entry as required by Massachusetts law. 15 U.S.C. § 1692f(6); *See Speleos v. BAC Home Loans Servicing*, LP, 824 F. Supp. 2d 226, 233 (D. Mass. 2011).

28. As a result of Defendants' unfair and unconscionable collection practices, the Plaintiffs suffered damages including mental and emotional pain suffering and loss use of the vehicle.

## COUNT III
## Unfair and Deceptive Practices in Trade or Commerce (M.G.L. c. 93A, § 9)

29. The Plaintiffs repeats and re-alleges the preceding paragraphs of this Complaint and incorporate same herein.

30. At all relevant times, JMAC and ARSI were engaged in trade or commerce.

31. The Defendants' acts and omissions as described herein are unfair or deceptive in violation of M.G.L. c. 93A, § 2, including but not limited to the following:

   a. Repossessing the vehicle without a then existing lawful right to possession. 940 Code Mass. Regs. § 7.07(18);

   b. Violation of the Fair Debt Collection Practices Act; *See McDermott v. Marcus, Errico, Emmer & Brooks, PC*, 775 F. 3d 109 (1st Cir. 2014).

32. The aforesaid unlawful conduct of the Defendants was willful and knowing in nature.

33. ARSI does not maintain a place of business within the Commonwealth of Massachusetts and thus is exempt from the demand letter requirement in Section 9 of Chapter 93A. *Moronta v. Nationstar Mortgage, LLC*, 476 Mass. 1013, 64 N.E.3d 1287 (2016).

34. On or about November 26, 2018, ARSI received a demand for relief from Ramos pursuant to Chapter 93A. Exhibit A

35. On or about November 28, 2018, JMAC received a demand for relief from Ramos pursuant to Chapter 93A. Exhibits B & C.

36. Defendants' refused to make tender any written offer of settlement in response to the demand letter within 30 days, despite having reason to know of their violations of Chapter 93A.

37. As a foreseeable consequence of Defendants' unfair and deceptive acts, the Plaintiffs suffered damages including mental and emotional pain suffering and loss use of the vehicle.

## PRAYER FOR RELIEF

Plaintiffs Jane Ramos and Felix Varela pray that this Honorable Court enter judgment in their favor:

a) Granting declaratory relief decreeing that the repossession was performed in an unlawful manner;

b) Awarding actual damages for the wrongful and reckless repossession, including but not limited to loss of use and enjoyment of the vehicle and mental and emotional pain and suffering.

c) Awarding statutory damages of $1,000.00 from pursuant to the Fair Debt Collection Practices Act; 15 U.S.C., § 1692k(a)(2);

d) Tripling of actual damages pursuant to M.G.L. c. 93A, § 9;

e) Interest, costs, and reasonable attorneys' fees; 15 U.S.C., § 1692k(a)(2), M.G.L. c. 93A, § 9(4); and

f) Ordering such further relief as shall be just and proper.

**Plaintiffs claim trial by jury on all issues so triable.**

Respectfully Submitted,

Jane Ramos<br>
Felix Varela<br>
By their attorney:<br><br>
/s/ Sebastian Korth<br>
Sebastian Korth, Esq.<br>
BBO # 676127<br>
Korth Law Office<br>
12 Maple Street<br>
Ludlow, MA 01056<br>
p 617-259-1955<br>
f 617-238-2167

SKorth@korthlawoffice.com

# Exhibit A

# Demand Letter

# Korth Law Office
*Fighting for Massachusetts Consumers, Evening the Playing Field*

Twelve Maple Street, Ludlow, MA 01056
Phone: (617) 259-1955 • Fax: (617) 238-2167 • SKorth@korthlawoffice.com

November 19, 2018

American Recovery Service, Inc.
555 St Charles Dr #100
Thousand Oaks, CA 91360

JMAC Recovery
131 Crawford Street
Fitchburg, MA 01420

Re: *Jane Ramos, 2012 Hyundai Genesis*

***Via certified mail***

To Whom it May Concern

This office has been retained by Jane Ramos regarding the repossession of her 2012 Hyundai Genesis plate number 36CW56 by American Recovery Service, Inc. This letter shall operate as a written demand for relief pursuant to Massachusetts Chapter 93A section 9.

On the evening of October 7, 2018, the above described vehicle was parked in Ms. Ramos' private garage at her residence 1328 Mammoth Road, Apt. 1, Dracut, MA 01826. A few days prior she had reached an agreement with the lienholder Hyundai Financial Services to catch up on her payments. Around 11:45 pm Ms. Ramos saw a tow truck from JMAC Recovery in their driveway. Ramos questioned the tow driver who said that he had received repossession order four days ago from American Recovery Services. The tow driver ignored Ramos's objections to the repossession and attempts to explain her arrangement with Hyundai Financial. The tow driver demanded the key to the vehicle, but Ramos refused.

Massachusetts law prohibits nonjudicial repossession of a consumer vehicle upon land owned or rented by the debtor unless 1) the debtor consents to entry on their land and 2) it is performed without breach of the peace.[1] Accordingly, the repossession of Ramos' vehicle was unlawful.

The federal Fair Debt Collection Practices Act ("FDCPA") provides a private right of action against a repossession agency who seizes property in violation of state law[2]. The FDCPA entitles a debtor to recover actual damages, statutory damages of up to $1,000, attorney's fees and costs[3].

---

[1] Mass. Gen. Laws ch. 255, § 13J; *see also* section 9-609 of the Uniform Commercial Code codified at Mass. Gen. Laws ch. 106, § 9-609.
[2] 15 U.S.C. § 1692f(6)(a), *Clark v. Auto Recovery Bureau Conn., Inc.*, 889 F. Supp. 543, 546 (D. Conn. 1994).
[3] 15 U.S.C. § 1692k.

***Jane Ramos offers to resolve these claims*** for $1,000 plus $2,000 for attorney's fees and costs for a total of $3,000.00

If you fail to make a reasonable offer of settlement within thirty (30) days from receipt of this letter, Ms. Ramos will pursue legal action for actual, statutory and punitive as well as attorney's fees and cost of suit.

Please direct all future communications regarding this matter to this office.

Sincerely,

_____
Sebastian Korth, Esq.

# Exhibit B

# Certified Return Receipt "Green Card" of Demand Letter to American Recovery Service, Inc.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Armored Recovery Services
   555 St. Charles St
   Thousand Oaks, CA 91360

   9590 9402 3434 7275 6251 76

2. Article Number (Transfer from service label)

   7018 0680 0002 1289 2170

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _Jim Mulliny_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)
   TC

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Mail Restricted Delivery
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt

# Exhibit C

# Certified Return Receipt "Green Card" Signed by JMAC Recovery

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   JMAC Recovery
   131 Cranford St
   Fitchburg, MA 01420

   9590 9402 3503 7275 0658 27

2. Article Number (Transfer from service label)

   7018 2290 0000 9406 1126

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X [signature]
   ☐ Agent
   ☐ Addressee

B. Received by (Printed Name): Jada Garibaldi

C. Date of Delivery: 11-26-18

D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt